UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

QUENTIN LEGRANDE,

                            Plaintiff

                 - v -                                    1:03-CV-1453
                                                                    (GLS/RFT)

ADECCO,

                            Defendant.
_____

**RANDOLPH F. TREECE**
**U.S. MAGISTRATE JUDGE**

## MEMORANDUM DECISION AND ORDER

### I. FACTS

On March 5, 2003, *Pro se* Plaintiff Quentin LaGrande commenced this job discrimination action against his former employer, Adecco, alleging, *inter alia*, racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. Dkt. No. 1, Compl. After issues were joined, on March 18, 2004, this Court held a Rule 16 Conference in which this Court issued a Uniform Pre-trial Scheduling Order (UPTSO) setting, *inter alia*, mandatory alternative dispute resolution (ADR) and a discovery deadline. Dkt. No. 7, UPTSO, dated March 18, 2004.

By May 21, 2004, mandatory disclosure, by LaGrande, had not been served. The Defendant sought a conference to compel this disclosure. By an Order, dated May 21, 2004, the Court ruled as follows:

> The Plaintiff has not disclosed his mandatory discovery pursuant to Rule 26. During a conference held on May 21, 2004, the Plaintiff agreed to share his mandatory discovery with Defendant on or before May 28, 2004. The Plaintiff is advised that if he fails to comply with discovery, he may be SUBJECT TO SANCTIONS, WHICH COULD INCLUDE DISMISSAL OF HIS LAWSUIT. The deadline for early neutral evaluation is July 15, 2004. Since the parties have not agreed upon an early neutral evaluator, the Court shall select the early neutral evaluator. The parties

are expected to participate in this early neutral evaluation prior to the deadline.

Since then, there have been a number of delays for various reasons. The docket reflects that LaGrande did not attend his mediation session as directed and this Court had to, once again, advise him that his failure to comply with this Court's order would lead to a dismissal of his lawsuit.

Due to LaGrande's failure to comply with discovery, the Defendant sought permission to file a motion to compel discovery and to seek sanctions, which request was granted. On May 13, 2005, Defendant served and filed his Motion to Compel and to Seek Sanctions pursuant to FED. R. CIV. P. 26 and 37. Dkt. No. 31. On June 3, 2005, LaGrande served and filed his Opposition to the Motion. Dkt. No. 32.

It appears, which LaGrande does not controvert, that as of the date of the Motion, LaGrande had not provided all of his mandatory disclosure and had not answer the Demands for Interrogatories and Request for Production of Documents, which were served on or about February 9, 2005. On February 28, 2005, a Notice of Deposition was served upon LaGrande. The deposition was set for April 15, 2005, at 10:00 a.m. at the U.S. Courthouse, room 410 (the room contiguous to our Chambers), Albany, New York. Everyone was present at the deposition, including the Court, except LaGrande. After waiting an hour for LaGrande to appear, this Court granted, on the record, the Defendant the right to file this Motion. Because LaGrande failed to appear, the Defendant incurred unnecessarily the cost for the stenographer in the amount of $125 and one hour of the Defendant's attorneys time, which is $200. Total cost incurred for the April 15, 2005 deposition is $325. By this Motion, the Defendant seeks a dismissal of this action and, in the alternative, a recoupment of the monies expended for the deposition. Dkt. No. 31.

Although LaGrande contests the motion and asks this Court not to impose sanction or dismiss his action, he does not set forth any facts to controvert the averments made by the Defendant. Tersely, he does, however, make the effort to expound on how the Defendant wronged him, causing him to file this lawsuit. He does not provide any reason for his failure to appear at his deposition or his lack of response to the Demands for Interrogatories and Documents, but he proclaims that he has "already provided the Defendant with mandatory disclosures." Dkt. No. 32.

## II. DISCUSSION

### A. APPLICABLE LAW

1. FED. R. CIV. P. 37(c)(1)

The Defendant brings this Motion for Sanctions pursuant to FED. R. CIV. P. 37(c)(1). This statute reads in relevant parts as follows:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

To be clear, in addition to making such an order that is just for such failures, the Court may consider the following possible course of action set forth in FED. R. CIV. P. 37(b)(2):

> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

>(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
>(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;
>(E) Where a party has failed to comply with an order under Rule 35(a) requiring that party to produce another for examination, such orders as are listed in paragraphs (A), (B), and (C) of this subdivision, unless the party failing to comply shows that that party is unable to produce such person for examination.

Obviously, sanctions serve several useful purposes: (1) ensuring that the offending party will not be able to profit from his failure to comply; (2) providing a strong deterrence to the non-compliant party and to others in the public; and (3) securing compliance with an order. *Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979);[1]

The imposition of sanctions under Rule 37 is within the discretion of the court. *Valentine v. Museum of Modern Art*, 29 F.3d 47, 49 (2d. Cir. 1994); *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 765 (2d. Cir. 1990); *Scott v. Town of Cicero Police Dep't*, 1999 WL 102750 (N.D.N.Y. Feb. 24, 1999) (Munson, J.). Before imposing sanctions the court may consider: (1) the history of the party's failure to comply with court orders; (2) whether the party violating the order was given ample time to respond; (3) the effectiveness of alternative sanctions; (4) whether the non-complying party was warned and given an opportunity to argue the impending sanctions; (5) the prejudice to the adversary caused by the failure to comply; (6) whether the document at the issue would normally be readily obtainable; and (7) the extent of the party's personal responsibility. *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 852-54 (2d Cir. 1995);

---

[1] There is a spectrum of sanctions ranging from the mildest of reimbursing for expenses to the harshest, order of dismissal or default. *Cine Forty-Second Street Theatre*, 602 F.2d at 1066; *see also Valentine v. Museum of Modern Art*, 29 F.3d 47 (2d Cir. 1994).

*Momah v. Messina Mem'l. Hosp. & Bond*, 1998 WL 129045, at *5 (N.D.N.Y. Mar. 6, 1998).

The imposition of sanctions is a drastic remedy and should be considered when it has been established that a party's noncompliance or failure was due to wilfulness, bad faith or a callous disregard of the responsibilities mandated by the Federal Rules of Civil Procedure or a court order. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 639-40 (1976) (citing *Societe Internationale v. Rogers*, 357 U.S. 197, 212 (1958)); *State of New York v. Almy Brothers, Inc.,* 1998 WL 57666, at *9 (N.D.N.Y. Feb. 4, 1998) (McCurn, J); *Hinton v. Patnaude*, 162 F.R.D. 435, 439 (N.D.N.Y. 1995) (McAvoy, J) (flagrant bad faith). Moreover, gross negligence on the part of a non-compliant party can suffice as wilful and flagrant bad faith, and in some instances, ordinary negligence may be sufficient as well. *Cine Forty-Second Street Theatre Corp.*, 602 F.2d at 1066 (deliberate tactical intransigence and/or gross negligence); *see also Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99 (2d Cir. 2002) (ordinary negligence); *Burks v. Eagan Real Estate Inc.*, 742 F. Supp. 49, 51-52 (N.D.N.Y. 1990) (drastic remedy of a default judgment should not be considered unless the failure to comply was the result of bad faith or gross negligence) (citations omitted).

In order for an act to constitute wilfulness, the court's order must be clear with no misunderstanding of the intent of the order and, further, there is no other factor beyond the party's control which contributed to the non-compliance. *Bambu Sales*, 58 F.3d at 852-53. And a party's "'persistent refusal to comply with a discovery order presents sufficient evidence of willfulness or bad faith.'" *Handwerker v. AT&T Corp.*, 211 F.R.D. 203, 209 (S.D.N.Y. 2002) (citing *Monaghan v. SZS 33 Assoc., L.P.*, 148 F.R.D. 500, 509 (S.D.N.Y. 1993)). However, this statute permits the saving grace of substantial justification or harmlessness to blunt the impact of sanctions. *Grdinich v. Bradlees*, 187 F.R.D. 77, 79 (S.D.N.Y. 1999) (citing *Hinton v. Patnaude*,

162 F.R.D. at 439)).  Substantial justification in this context means "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Jockey Int'l Inc. v. M/V "Leverkusen Express"*, 217 F. Supp. 2d 447, 452 (S.D.N.Y. 2002) (citing *Henrietta D. v. Giuliani*, 2001 WL 1602114, at *5 (E.D.N.Y. Dec. 11, 2001)).

There is no exception to honoring and respecting discovery orders.  All litigants and litgators, including *pro ses*, must comply and when they flout their obligation, they must suffer the consequences of such action.  *Baker v. Ace Advertisers' Serv. Inc.*, 153 F.R.D. 38, 40 (S.D.N.Y. 1992); *see also Valentine v. Museum of Modern Art*, 29 F.3d at 50 (imposing sanctions on *pro se* plaintiff); *Scott v. Town of Cicero*, 1999 WL 102750 (providing *pro se* plaintiff an additional opportunity to be heard before imposing sanctions).

2.  Inherent Authority

Furthermore, the Court may turn to those inherent powers, which are innate to its creation, to impose respect for its lawful mandates.  *United States v. Seltzer,* 227 F.3d 36, 39-42 (2d Cir. 2000); *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 136 (2d Cir. 1998). Federal courts have always had the inherent power to manage their own proceedings and to control the conduct of those who may appear before them, and when a party acts "in bad faith, vexatiously, wantonly, or for oppressive reasons," the courts may exercise their discretion in fashioning a remedy.  *Chambers v. Nasco, Inc.*, 501 U.S. 32, 45-46 (1991).  Even in the absence of a discovery order, a court may impose sanctions for misconduct during discovery through this inherent power to manage its affairs.  *Residential Funding Corp.*, 306 F.3d at 106-07.  However, before a court can exercise this enormous power, it should do so with restraint and upon the finding of bad faith and where abuse litigation practices are evident.  *DLC Management Corp.*,

163 F.3d at 136; *see also Sanders v. City of New York*, 218 F. Supp. 2d 538, 542-43 (S.D.N.Y. 2002) (citing *Reilly v. NatWest Markets Group, Inc.*, 181 F.3d 253, 267 (2d Cir. 1999), for the proposition that when a court exercises its inherent power to impose sanctions for the discovery abuse of spoilation, neither bad faith nor intentional misconduct is necessary).

### B. ANALYSIS

LeGrande does not proffer any justification for his laissez-faire compliance with discovery, nor can he. This Court warned him more than a year ago that if he failed to comply with mandatory discovery, he would be subject to sanctions. Now we are advised that his complete attention to the most basic discovery request (mandatory disclosure), subsequent demands for further discovery, and appearing for his deposition, has been totally unsatisfactory. Leeway is given to *Pro se* Plaintiffs and such has been extended to LaGrande by both the Defendant and this Court, and still we cannot get an acceptable compliance from him. LaGrande's failure to appear at his deposition has caused the Defendant to incur costs which are not inconsequential. Furthermore, his actions are an impediment to the Defendant discovering the basis for his claim.

We also appreciate that LeGrande is not astute as to the substantive and procedural laws that impact his case. Nonetheless, this Court has advised him of the consequence, in the most basic of terms on several occasions, if he continued to neglect his discovery obligation. And we also note that he could have consulted someone in the same manner as he did when he obtained an evaluation "by a well-known respected law firm" that his "complaint . . . show[s] merit." Dkt. No. 32. With all things being, and this Court being constrained by our unwillingness to impose a remedy too harsh or drastic, the Court, nonetheless, will not countenance any intransigence in complying with the Federal Rules, the Local Rules, or court orders. Yet, we find that a dismissal

of this complaint, under these current circumstances, is not warranted when there are other remedies that can be exercised. A dismissal is much too austere. To this extent, we find that sanctions in the amount of $325 to reimburse the Defendant for the unfair imposition of deposition costs, and directions to comply with discovery and participate in another deposition are reasonable and promote substantial justice.

Therefore, based upon all of the foregoing it is hereby

ORDERED, that the Defendant's Motion to Compel Discovery and to Impose Sanctions is **Granted**. The Plaintiff, Quentin LaGrande, shall provide a Response to the Demand for Interrogatories and Production of Documents on or before August 15, 2005. The Plaintiff, Quentin LaGrande, shall appear at a deposition on or before August 30, 2005. The Plaintiff shall pay the sum of $325 to the law firm of McNamee, Lochner, Titus & Williams, P.C. in two installments: (1) $175 on or before September 15, 2005; and (2) $150 on or before December 15, 2005; and it is further

ORDERED, that the Uniform Pretrial Scheduling Order is amended, again, to extend the discovery deadline to September 30, 2005, and the motion filing deadline to October 30, 2005. All other provisions of the Uniform Pretrial Scheduling Order shall remain in effect; and it is further

ORDERED, that FAILURE TO COMPLY WITH THIS ORDER SHALL LEAD TO SANCTIONS WHICH MAY INCLUDE A DISMISSAL OF THE PLAINTIFF'S LAW SUIT.

SO ORDERED.

July 13, 2005
Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge